CLOSED

# U.S. District Court [LIVE]
# Western District of Texas (Austin)
# CRIMINAL DOCKET FOR CASE #: <u>1:20−mj−00588−SH</u> All Defendants

Case title: USA v. Grubert
Other court case number: 1:20−mj−04157−DHH−1 District of Massachusetts

Date Filed: 07/06/2020
Date Terminated: 07/08/2020

---

Assigned to: Judge Susan Hightower

**<u>Defendant (1)</u>**

**Neal Grubert**
*TERMINATED: 07/08/2020*

represented by **Duty Pub. Defender−Austin**
Office of the Federal Public Defender
Austin Division
500 Lavaca St., Suite 960
Austin, TX 78701
(512) 916−5025
Fax: (512) 916−5035
Email: norma_g_medrano@fd.org
*TERMINATED: 07/07/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Charlotte Anne Herring**
Federal Public Defender
504 Lavaca Street Suite 960
Austin, TX 78701
512−916−5025
Email: Charly_Herring@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Pending Counts</u>**

None

**<u>Disposition</u>**

**<u>Highest Offense Level (Opening)</u>**

None

**<u>Terminated Counts</u>**

None

**<u>Disposition</u>**

1

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:2251.F − SEXUAL EXPLOITATION OF CHILDREN | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Matthew B. Devlin** |
| | | Assistant United States Attorney |
| | | 903 San Jacinto Blvd. |
| | | Suite 334 |
| | | Austin, TX 78701 |
| | | (512) 916−5858 |
| | | Fax: (512) 370−1292 |
| | | Email: matt.devlin@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/06/2020 | 1 | 4 | Arrest (Rule 5 − District of Massachusetts 1:20−mj−04157−DHH−1) of Neal Grubert (afd) (Entered: 07/06/2020) |
| 07/06/2020 | 2 | 16 | MOTION to Detain Defendant without Bond by USA as to Neal Grubert. (Devlin, Matthew) (Entered: 07/06/2020) |
| 07/06/2020 | 3 | 18 | Minute Entry for proceedings held before Judge Susan Hightower:Initial Appearance in Rule 5(c)(3)/ Rule 32.1 Proceedings as to Neal Grubert held on 7/6/2020 (Minute entry documents are not available electronically.) (Court Reporter Zoom Recordng.) (afd) (Entered: 07/07/2020) |
| 07/06/2020 | 4 | 20 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Neal Grubert. Signed by Judge Susan Hightower. (afd) (Entered: 07/07/2020) |
| 07/06/2020 | 5 | 21 | Order Regarding Financial Status as to Neal Grubert. Signed by Judge Susan Hightower. (afd) (Entered: 07/07/2020) |
| 07/06/2020 | 6 | 22 | ORDER OF TEMPORARY DETENTION: as to Neal Grubert Preliminary and Detention Hearing set for 7/8/2020 at 03:00 PM before Judge Susan Hightower. Signed by Judge Susan Hightower. (afd) (Entered: 07/07/2020) |
| 07/07/2020 | 7 | 25 | NOTICE OF ATTORNEY APPEARANCE: Charlotte Anne Herring appearing for Neal Grubert . Attorney Charlotte Anne Herring added to party Neal Grubert(pty:dft) (Herring, Charlotte) (Entered: 07/07/2020) |
| 07/08/2020 | 8 | 26 | Minute Entry for proceedings held before Judge Susan Hightower:Preliminary and Detention Hearing as to Neal Grubert held on 7/8/2020 (Minute entry |

| | | | documents are not available electronically.) (Court Reporter ZOOM Recording.) (afd) (Entered: 07/09/2020) |
|---|---|---|---|
| 07/08/2020 | 9 | 27 | WITNESS LIST by USA as to Neal Grubert (afd) (Entered: 07/09/2020) |
| 07/08/2020 | 10 | 28 | COMMITMENT TO ANOTHER DISTRICT as to Neal Grubert. Defendant committed to District of Massachusetts, Worcester Division.. Signed by Judge Susan Hightower. (afd) (Entered: 07/09/2020) |
| 07/08/2020 | 11 | 29 | ORDER OF DETENTION: as to Neal Grubert. Signed by Judge Susan Hightower. (afd) (Entered: 07/09/2020) |

**FILED**

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

July 6, 2020

Clerk, U.S. District Court
Western District of Texas

By: _____
Deputy

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | |
| | ) | Case No.   20-mj-4157-DHH |
| Neal Grubert | ) | 1:20-mj-588-SH |
| | ) | |
| | ) | |

_Defendant(s)_

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____June 14, 2020_____ in the county of _____Suffolk_____ in the

_____ District of _____Massachusetts_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(d) | advertising child pornography |

This criminal complaint is based on these facts:

Please see the affidavit of HSI Special Agent Gregory Squire, which is attached hereto and incorporated by reference.

☑ Continued on the attached sheet.

_Gregory Squire / DLK_
_Complainant's signature_

Gregory Squire, Special Agent, HSI
_Printed name and title_

Sworn to before me and signed before me telephonically pursuant to Fed. R. Crim. P. 4.1.

Date:   **Jun 30, 2020**   11:06 a.m.

_David H. Hennessy_
_Judge's signature_

City and state:          Worcester, MA          Hon. David H. Hennessy, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT OF SPECIAL AGENT GREGORY SQUIRE
## IN SUPPORT OF A CRIMINAL COMPLAINT

I, Gregory D. Squire, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent of the Department of Homeland Security (DHS), Homeland Security Investigations (HSI) since 2007, and am currently assigned to the Boston Field office. As part of my duties, I am authorized to investigate violations of the laws of the United States, including but not limited to criminal violations relating to the sexual exploitation of children, child pornography, coercion and enticement, and transportation of minors, including but not limited to violations of 18 U.S.C. §§ 2422, 2423, 2251, and 2252A. For the past five years I have specialized in dark web investigations, with a focus on child sexual abuse and child pornography websites. I am an active member of a multinational, multi-agency working group that coordinates national and international operations to combat child exploitation on the dark web and to rescue children from abusers who are active on the dark web. As an agent in the Boston Field Office, I frequently participate in the execution of search warrants involving child exploitation and pornography, and I work closely with HSI forensic specialists throughout these investigations and prosecutions.

2. I submit this affidavit in support of a criminal complaint charging Neal GRUBERT, YOB 1988, of Bertram, Texas, with one count of advertising child pornography, in violation of 18 U.S.C. § 2251(d).

3. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause to secure a criminal

1

complaint and does not set forth all of my knowledge about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## STATEMENT OF PROBABLE CAUSE

### The ▮▮▮▮ Investigation

4. As part of an ongoing child exploitation operation, ▮▮▮▮ law enforcement identified a ▮▮▮▮ citizen who was producing images and videos of himself sexually abusing his three-year-old ▮▮▮▮ (hereinafter, "Minor A") and distributing these images and videos of the sexual abuse to other likeminded individuals on platforms including a site on the dark web[1] (Website A) dedicated to the sexual exploitation of children. In an interview with ▮▮▮▮ investigators, the suspect confessed to the sexual abuse and rape of Minor A, the production of child exploitation material, and the distribution of child exploitation material on Website A.[2] The suspect was arrested by ▮▮▮▮ law enforcement on ▮▮▮▮.

5. In the course of a forensic examination of a cell phone seized in connection with that arrest, investigators found several images and videos depicting the sexual exploitation of children. Included within those images, investigators observed videos that show an adult white male recording himself while masturbating to videos and images of the rape and sexual abuse of

---

[1] The dark web is comprised of a variety of networks, such as Tor, that exist on a portion of the internet accessible only through specific software, such as the Tor browser (a legal and publicly available free application). One of the key features of dark web networks like Tor is the anonymity it offers both users of the network and individuals or entities that host sites on the network, which are also referred to as hidden services. Website A is a Tor hidden service dedicated to the sexual exploitation of children. The true name of Website A is known to law enforcement but redacted here in order to protect the integrity of ongoing international investigation into the users of the site.

[2] The suspect also admitted to using a particular username on Website A and other child exploitation sites on the dark web. That name is known to law enforcement but redacted here to protect the integrity of ongoing international investigation into other users of Website A who may be familiar with this particular user.

2

Minor A that he was playing on a ███████ ███████.[3] The videos include audio, which captures the adult white male directly addressing both the ███████ suspect and Minor A in English as he masturbates to the child pornography. Throughout most of the videos the adult white male is speaking while he masturbates. ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████. In two of these videos, the ██████████████████████████.

6. ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████ █████████████████████████████████████

████████████████████████████████████████████████

████████████████.

7. ███████ investigators recognized the name of Folder 1 as the username of an individual whose activity they had observed in previous investigations of Website A (hereinafter, "the SUSPECT USER").[5] Based on the ███████ investigators' review of posts made to

---

[3]  It is not apparent from the videos themselves what type of device the male is using to record the video.

[4]  ████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████.

[5]  The username is known to law enforcement but redacted here to protect the integrity of ongoing international investigation into other users of Website A (and other sites on which the SUSPECT USER is active) who may be familiar with this particular user. Through my work in this field, I am aware of the SUSPECT USER's activity ████████████████████████████
████████████████████████████████. Based on my training and experience, I know that users of such hidden services value their online aliases and personas as a source of bona fides within their communities. A user may attain greater status

Website A by the SUSPECT USER as well as the videos he sent to the ██████ suspect, they believed that he was an American.

8.   Forensic review of the ██████ suspect's cell phone revealed only one phone number stored in his contacts starting with ████████████ (the "SUSPECT NUMBER"). Investigators observed one text message, in English, from the SUSPECT NUMBER. By consulting public databases, investigators determined that the number is owned by Verizon Wireless.

**Activity on Website A**

9.   Website A is a Tor hidden service dedicated to the sexual exploitation of children. The true name of Website A is known to law enforcement but redacted here in order to protect the integrity of ongoing international investigation into the users of the site. I am familiar with Website A and know that it requires individuals to create a username and password to gain access to the site. New users must choose a unique username; that is, they cannot select a name already in use by another user.[6]

10.   ████████████████████████████████████████
   ████████████████████████████████████████
   ████████████████████████████████████████

---

or goodwill within a community of like-minded offenders over a course of time via active participation in that community under a particular alias. That participation may amount to the trafficking of child pornography, moderation of sites, and advice to users regarding safety and security, or other actions. It is therefore common for a user of one child pornography website on the Tor network to carry an alias from one site to another, or to make other users aware that additional aliases belong to them, to maintain such accrued status or goodwill on other sites.

[6]   In the course of this investigation, I accessed Website A and attempted to register a new user account with the SUSPECT USER name. When I attempted to do so, the website generated a message that informed me that the name was already in use and prevented me from proceeding with the registration.

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████  ████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

11.     Through the course of ongoing undercover operations, HSI agents and other members of law enforcement around the world have been monitoring several dark web hidden services dedicated to the sexual abuse of children, including Website A.  I know, from experience with such investigations, that it is typical for individuals to visit, access, or gain membership to more than one child exploitation hidden service at the same time.

12.     One such individual that has been observed in the course of such investigations is the SUSPECT USER, who has been observed on Website A ████████████████████ ████ Law enforcement involved in such investigations believe that the SUSPECT USER ████████████████████████████████████████████ ██████████████████████. ████████████████████████ the SUSPECT USER has been observed posting messages ████████████████████████████ ████████████████████████████████████████████ ██████

13.     On June 14, 2020 ████████████████  an HSI ██████ agent (hereinafter, "the UC") logged into Website A in an undercover capacity.  Upon entering the site, the UC could observe that other members of the site were also online, including the SUSPECT USER.  The ██████ UC noted that the SUSPECT USER'S screen name was ████████████

5

██████████████████████████████████████████

████████████ █ ██████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

When the ████ UC was logged into Website A on ████████, he observed the SUSPECT USER █████████████████████████.

14. ██████████████████████ the SUSPECT USER posted two links that led to one image of child pornography and one video of child pornography.[8] █████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████

15. The ████ UC executed the links and viewed both files. They are described as follows:

a. ████████████████ : ██████████████████. It depicts a pre-pubescent female who appears to be approximately 10 years old and shows

---

[7] In my undercover work I have come to learn that hidden services dedicated to the sexual exploitation of children typically ████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

[8] The links directed the recipient to a dark web file host. A file host allows users to upload files and then distribute a unique URL to other users, who may execute the link to open the files.

6

her speaking into the camera and undressing until she is naked. The child then masturbates on camera until the end of the video. Several times during that portion of the video, the camera focuses closely on the child's vagina.[9]

b.　████████████: This image is a "preview sheet" of the video titled ████████████; that is, the image consists of sixteen frames, which appear to be screen shots from the video described above, laid out in progression.

### Identification of GRUBERT

16. On June 3, 2020 HSI issued a summons to Verizon Wireless for subscriber details associated with the SUSPECT NUMBER. The company responded with information including the following:

Subscriber Name:　Neal S Grubert
Address:　█████████████ Bertram TX, 78605-3738
Home Phone:　(the SUSPECT NUMBER)

17. HSI Boston agents consulted records from the Texas Department of Public Safety, which included driver's license information for Neal S. GRUBERT. The records listed his year

---

[9]　To avoid unnecessary in-person interaction given the health concerns posed by the current pandemic, I am not providing a copy of this video to the Court. I am aware that the "preferred practice" in the First Circuit is that a magistrate view images that agents believe constitute child pornography by virtue of their depiction of the lascivious exhibition of a child's genitals. United States v. Brunette, 256 F.3d 14, 18-19 (1st Cir. 2001). Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." United States v. Burdulis, 753 F. 3d 255, 261 (1st Cir. 2014) (distinguishing Brunette). The child appears to be approximately 10 years old – clearly younger than 18 – and the image depicts the child engaged in sexual activity rather than the lascivious display of the child's genitals. See United States v. Syphers, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice is for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added). The description of the file here is specific as to the age of the alleged child and the nature of the sexually explicit conduct that it depicts, and the Court thus need not view the file to find that it depicts child pornography.

of birth as 1988 and his address as ▮▮▮▮▮▮▮▮, Bertram, TX 78605, and included a driver's license photograph taken on August 8, 2019.

18.   HSI Agents also obtained access to the photograph on file with the State Department associated with the United States Passport currently issued to Neal S. Grubert.

19.   HSI Agents have compared the photographs held by the U.S. State Department and the Texas Department of Public Safety with the images recovered from the Swedish suspect's phone (described above in Paragraphs 5-7 and 20-22) and believe that they depict the same individual.

20.   I have viewed the videos depicting the SUSPECT USER's use of child pornography involving Minor A located by Swedish investigators. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[10]

21.   Metadata is available for at least one of these videos, titled ▮▮▮▮▮▮▮▮ and located within the folder bearing the SUSPECT USER's name. The metadata includes a creation date of ▮▮▮▮▮▮ (which, based on my training and experience, I believe

---

[10] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8

represents ███████████) and indicated that the device that created the video was a

████████████.[11]  The metadata also includes GPS coordinates, which, based on my

training and experience, I know to represent the location from which the video file was

created.  Those coordinates are ███████████████.  Using a publicly available

mapping tool, I have determined that these coordinates correspond to █████████████

███, Bertram, Texas, which is GRUBERT's residential address.

22.     In the background of one of the videos, a tan dresser with a green lamp can be seen in front

of a window with blinds and tan curtains.  The bed the SUSPECT USER is sitting on has

a blanket with a red and white checkerboard pattern on it.  In the course of this

investigation, agents have reviewed open source material, including a publicly-accessible

social media account belonging to GRUBERT's wife.  Included in that account is a photo

of a cat in that same room; it is laying on a bed with a red and white-patterned blanket, and

also visible in the picture is a tan dresser with a green lamp in front of a window with blinds

and tan curtains.

23.     Agents have consulted CLEAR, a commercially-available public records database that can

be accessed and searched over the Internet.  Information in CLEAR for Neal GRUBERT

includes a year of birth of 1988, and indicates that he has a last known address of ███

████████████ in Bertram, Texas (the same address associated with GRUBERT's

license and passport).

---

[11]  Information available on ███████ public website indicates that this model number
corresponds to ██████████ internet-capable smartphone that operates on the Verizon network,
and which is outfitted with a camera, GPS technology, and fingerprint sensor.

## CONCLUSION

24. Based on all of the foregoing information, I submit that there is probable cause to believe that on or about June 14, 2020, GRUBERT knowingly published a notice and advertisement offering to display, distribute, and reproduce a visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct, knowing and having reason to know that such notice and advertisement would be transported using any means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including computer, and such notice and advertisement was actually transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including computer, in violation of 18 U.S.C. § 2251(d).

Sworn to under the pains and penalties of perjury,

Special Agent Gregory D. Squire
Homeland Security Investigations

SUBSCRIBED and SWORN before me telephonically pursuant to Fed. R. Crim. P. 4.1 this 30th day of June, 2020.      11:06 a.m.

HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

     vs.

NEAL GRUBERT,

          Defendant.

**Criminal No.** 20-mj-4157-DHH

**GOVERNMENT'S MOTION TO UNSEAL
REDACTED VERSION OF COMPLAINT MATERIALS**

The United States of America hereby moves this Court to order that the complaint and a redacted version of the supporting affidavit, docketed as 20-mj-4157-DHH, be unsealed. In support of this motion, the government states that the defendant was arrested on July 3, 2020, and that there is no further reason to keep the existence of the complaint secret. The government has attached a redacted version of the complaint affidavit for public filing, with redactions implemented to protect the integrity of ongoing investigation into this and related matters.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ Anne Paruti
    Anne Paruti
    Assistant U.S. Attorney

**SO ORDERED this 3rd day of July, 2020.**

Honorable David H. Hennessy
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff.** | § | |
| | § | |
| **v.** | § | CRIMINAL NO. A-20-M-588 |
| | § | |
| **NEAL GRUBERT,** | § | *[USDC/D. Mass. No. 20-MJ-4157-DHH]* |
| | § | |
| **Defendant.** | § | |
| | § | |

## MOTION FOR DETENTION

Under Title 18, United States Code, Section 3141, et seq., the United States moves for pretrial detention and would respectfully show the Court the following:

1.      **The pending case involves:**

[X]    (A)    A crime of violence

[ ]    (B)    An offense for which the maximum sentence is life imprisonment or death.

[ ]    (C)    An offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act, or the Maritime Drug Law Enforcement Act.

[ ]    (D)    A felony committed after the Defendant had been convicted of 2 or more prior offenses described in 18 U.S.C. §§ 3142(f)(1)(A)-(C) or comparable state or local offense.

[ ]    (E)    A felony (not a crime of violence) that involves:  a minor victim; possession or use of a firearm, destructive device, or dangerous weapon; or failure to register (18 U.S.C. § 2250).

[X]    (F)    A serious risk that the Defendant will flee.

[X]    (G)    A serious risk that the Defendant will obstruct or attempt to obstruct justice, or attempt to threaten, injure or intimidate a prospective witness or juror.

2.      **A rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required AND the safety of any other person and the community, because there is probable cause to believe that:**

[ ]    (A)    The Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act or the Maritime Drug Law Enforcement Act.

[ ]   (B)     The Defendant committed an offense under 18 U.S.C. § 924(c), 956(a), or 2332b.

[X]   (C)     The Defendant committed an offense involving a minor victim under 18 U.S.C. § 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**3.**     **No condition or combination of conditions will:**

[X]   (A)     Reasonably assure the appearance of the Defendant as required.

[X]   (B)     Reasonably assure the safety of the community or any other person.

**4.**     **So that the United States can prepare for said hearing, the United States moves that the detention hearing be continued for**

[X]   Up to three (3) days, pursuant to 18 U.S.C. § 3142(f).

[ ]   Up to ten (10) days, pursuant to 18 U.S.C. § 3142(d), because the Defendant may flee or pose a danger to another person or the community and:

[ ]   (A)     The Defendant committed the charged offense while released pending trial or sentence, or while on probation or parole.

[ ]   (B)     The Defendant is not a citizen of the United States or lawfully admitted for permanent residence.

The United States may offer additional reasons for detention other than those indicated above as the investigation proceeds and new information becomes available.

WHEREFORE, PREMISES CONSIDERED, the Government requests that the Defendant be held without bond.

Respectfully submitted,

JOHN F. BASH
United States Attorney

/s/ *Matthew Devlin*

By:          _____

MATTHEW DEVLIN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| United States of America | Criminal No.: **AU:20-M -00588(1)** |
|---|---|
| v. | Date Appeared: July 06, 2020 |
| (1) Neal Grubert | Time: 2:36 - 2:46 PM (10 minutes) |
| *Defendant* | |

# INITIAL APPEARANCE by ZOOM - District of Massachusetts, Worcester, Division

| | | | | |
|---|---|---|---|---|
| 1. | Complaint Filed | June 30, 2020 | Warrant Issued: | June 30, 2020 |
| | | *Date* | | *Date* |
| | Arrested | July 2, 2020 | Agency: | HSI |
| | | *Date* | | *Agency* |

2. COURT PERSONNEL:

| | |
|---|---|
| U.S. Magistrate Judge: | SUSAN HIGHTOWER |
| Courtroom Deputy: | James Ferrell |
| Pretrial Officer: | Kyona Stubbs |
| Interpreter: | N/A |

3. APPEARANCES:

| | |
|---|---|
| AUSA: | N/A |
| DEFT ATTY: | N/A |

4. PROCEEDINGS:

| | | | | | | |
|---|---|---|---|---|---|---|
| a. | Age | 32 | Education | Some college | Gender | Male |
| b. | Defendant understands proceedings and is mentally competent. | | | | | Y |
| c. | Defendant is informed of constitutional rights. | | | | | Y |
| d. | Defendant understands charges. | | | | | Y |
| e. | If charged on complaint, Defendant informed of right to Preliminary Hearing. | | | | | Y |
| f. | Defendant informed of right to legal counsel. | | | | | Y |

    _____ 1)   Defendant waives counsel.

    _____ 2)   Defendant intends to retain counsel.

    _____ 3)   Defendant has retained counsel: _____

                   Phone No.: _____

    _X_ 4)   Defendant requests appointment of counsel.

             _X_     Defendant HAS NOT completed the CJA23 financial affidavit.

                   X       Court will appoint counsel in the interest of justice based on defendant's verbal accounting of current financial status.

             _____   Defendant HAS completed the CJA23 financial affidavit and the Court will appoint counsel because:

                   _____   The defendant is indigent at this time.

                   _____   Even though the defendant is not indigent, counsel will be appointed in the interests of justice.

             _____ The Court finds that the defendant is NOT eligible and denies request.

PROCEEDING MEMO - INITIAL APPEARANCE
In Re:  (1) Neal Grubert
Page 2 of 2 Pages

g.    PRE-TRIAL RELEASE:
    __X__ 1)    The Government makes ☐ oral   or   ☒ written motion for detention under 18 USC 3142.
                Court sets detention  hearing for      Wednesday, July 8 at 3pm before Judge Hightower
    _____ 2)    The Court sua sponte moves for detention.  The detention hearing is set for
                at
    _____ 3)    The Defendant ☐ is released ☐ will be released on the following conditions:
                Bond is set at $

                *(Check the following that apply:)*

                _____ unsecured                 _____ unsecured with 10% posted to the registry
                _____ cash or corporate                 _____ additional sureties
                _____ 3rd party custodian                 _____ as set forth in Order Setting Conditions of Release

h.    Temporary Detention issued      July 7, 2020      Preliminary Hearing set      Wednesday, July 8 at 3pm
                                               for                 before Judge Hightower

i.    REMOVAL PROCEEDINGS:
     The Defendant is advised of Rule 20 and Rule 5 rights and ....
    _____ 1)    The Defendant waives Rule 5(c)(3)(D)(ii) and is detained pending removal to the
                . Detention hearing is to be held in that district.
    _____ 2)    The Defendant waives Rule 5 and is released on bond.  The Defendant is ordered to appear in the
                ☐ on
                or ☐ when notified by the prosecuting district.
    __X__ 3)    The Defendant is ☒ detained ☐ released on bond and requests Rule 5(c)(3) hearing.  The
                Court sets hearing for

j.    Other:   **Identity Hearing Orally waived.**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| United States of America | § | |
|---|---|---|
| | § | |
| vs. | § | NO:   1:20-MJ00588-SH |
| | § | |
| Neal Grubert | § | |

## ORDER APPOINTING FEDERAL PUBLIC DEFENDER

Consistent with the Court's Order Regarding Financial Status in this case, the Federal Public

Defender is hereby **APPOINTED** to represent the defendant.

Should this case proceed before a United States District Judge, the appointment shall remain

in effect until terminated or a substitute attorney is appointed.

**SIGNED** on July 6, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO: 1:20-MJ-00588-SH |
| | § | |
| Neal Grubert | § | |

## ORDER REGARDING FINANCIAL STATUS

The defendant was arrested, and the Federal Public Defender appointed.

No financial affidavit for the defendant has been provided to this Court. However, pursuant to FED. R. CRIM. P. 44 and 18 U.S.C. § 3006A, and in the interests of justice, the Court finds the defendant entitled to have counsel appointed at this stage of the proceeding. Defendant will be advised when he first appears before this Court of his right to waive the appointment of counsel and the requirement to reimburse the Government for the costs of appointed counsel on completion of the case if he is financially able to obtain counsel.

**IT IS THEREFORE ORDERED** that on any finding of guilt regarding the current charges, the U.S. Probation Office is instructed to make financial inquiries of the defendant to determine their ability to repay the costs of court-appointed counsel. The U.S. Probation Office shall report its findings to the judicial officer assigned to the case prior to any sentencing.

**SIGNED** on July 6, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO: AU:20-M -00588(1) |
| | § | |
| (1) Neal Grubert | § | |

## ORDER OF TEMPORARY DETENTION

| | |
|---|---|
| Place:          501 West 5th Street, Austin, Texas, 78701 | Courtroom No.: 6, 6th Floor |
| Presiding Judge: U.S. Magistrate Judge Susan Hightower | Date and Time: July 8, 2020 at 3:00 p.m. |

**IT IS ORDERED** that this case is set for a **PRELIMINARY HEARING AND DETENTION HEARING BY VIDEO TELECONFERENCE** on **Wednesday, July 8, 2020 at 3 p.m.** Video teleconference information will be sent to counsel of record. Members of the public wishing to attend should contact Courtroom Deputy James Ferrell at James_Ferrell@ txwd.uscourts.gov. Pursuant to Rule AT-5(l) of the Local Court Rules of the United States District Court for the Western District of Texas, photographing, broadcasting, or televising any judicial proceeding or any person directly or indirectly involved in a proceeding, whether court is in session or not, in or from any part of a United States Courthouse, is prohibited, except with the permission of the judge presiding.

**IT IS FURTHER ORDERED** that in the event the services of a court interpreter are required, counsel for the defendant shall notify the U.S. District Clerk's Office no less than three days before the date of the hearing.

Pending the hearing, the defendant is to be detained in the custody of the United States Marshal or any other authorized officer. The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

If the defendant chooses to waive hearing(s), a written waiver (attached) **must be signed by defendant and defendant's counsel and filed by 4:00 p.m. the day before scheduled hearing**.

**SIGNED** on July 6, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO:   AU:20-M -00588(1) |
| | § | |
| (1) Neal Grubert | § | *Charging District's Case No.: 1:20-mj-04157-DHH-1* |

### Waiver of Rule 5 & 5.1 Hearing
(Complaint)

I understand that I have been charged in another district,  the District of Massachusetts.

I have been informed of the charges and of my rights to:

(1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)  an identity hearing to determine whether I am the person named in the charges;

(3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)  a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)  a hearing on any motion by the government for detention;

(6)  request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

(   )  an identity hearing and production of the warrant.

(   )  a preliminary hearing.

(   )   a detention hearing.

(   )  an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
(1) Neal Grubert, *Defendant*

_____        _____
*Date*

*Counsel for Defendant*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| V. | § | CAUSE NO. AU:20-M-588(1) |
| | § | |
| NEAL GRUBERT | § | |

## NOTICE OF ATTORNEY APPEARANCE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Charlotte Herring, Assistant Federal Public Defender and enters appearance as counsel for the defendant in the above-styled and numbered cause.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender

/s/ CHARLOTTE ANNE HERRING
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025 / (512) 916-5035 (FAX)
Bar Number: Texas 24064026

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2020, I filed the foregoing Notice of Attorney Appearance using the CM/ECF system which will give electronic notification to the following:

Matthew B. Devlin
Assistant U.S. Attorney
903 San Jacinto Blvd., Ste. 334
Austin, TX 78701

_____
/s/ CHARLOTTE HERRING

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

## PRELIMINARY / DETENTION HEARING BY VIDEO

CASE NO.  AU:20-M -00588(1)          LOCATION:  AUSTIN, TEXAS

DEFENDANT: (1) Neal Grubert          ATTORNEY:  Charlotte Anne Herring

MAGISTRATE JUDGE: SUSAN HIGHTOWER    AUSA:  Matthew B. Devlin

COURTROOM          James Ferrell     INTERPRETER:  N/A
DEPUTY:

COURT REPORTER:  ZOOM               PRETRIAL OFFICER: Kyona Stubbs & Evan Cisneros

CSO:  N/A                           TIME:  3:10 - 4:35 PM; 4:50 - 4:51 PM;
                                           4:54 - 4:58 PM(1 hour 30 minutes)

HEARING DATE:  July 8, 2020

## PROCEEDINGS

| | |
|---|---|
| ☐ | WAIVER OF PRELIMINARY HEARING FILED |
| ☐ | WAIVER OF ARRAIGNMENT HEARING FILED |
| ☐ | WAIVER OF DETENTION HEARING FILED |
| X | PRELIMINARY & DETENTION HEARING HELD |
| ☐ | DEFENDANT SWORN |
| ☐ | COURT READ CHARGES TO DEFENDANT; DEFENDANT PLED NOT GUILTY |
| X | COURT FINDS PROBABLE CAUSE EXISTS TO PRESENT CASE TO GRAND JURY FOR INDICTMENT |
| X | WITNESSES SWORN AND TESTIFIED |
| ☐ | EXHIBITS OFFERED AND ADMITTED |
| X | ARGUMENT OF COUNSEL HEARD |
| X | MOTION FOR DETENTION IS **GRANTED** |
| ☐ | COURT FINDS DEFENDANT (WILL / WILL NOT) BE RELEASED ON BOND CONDITIONS |
| ☐ | CONDITIONS REVIEWED WITH DEFENDANT WHO ACKNOWLEDGED UNDERSTANDING & SIGNED NAME |
| X | HEARING CONCLUDED |
| X | WRITTEN ORDER TO FOLLOW |

OTHER:  **Oral** consent to proceed with hearing by video.

26

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | Case No: AU:20-M -00588(1) |
| | § | |
| (1) Neal Grubert | § | |

### WITNESS LIST for PRELIMINARY / DETENTION HEARING BY VIDEO
### held on July 8, 2020

| BY United States of America | BY (1) Neal Grubert |
|---|---|
| 1. Caitlin Moynihan, HSI Special Agent | 1. |
| 2. Edward Thomison | 2. |
| 3. | 3. |
| 4. | 4. |
| 5. | 5. |
| 6. | 6. |
| 7. | 7. |
| 8. | 8. |
| 9. | 9. |
| 10. | 10. |
| 11. | 11. |
| 12. | 12. |
| 13. | 13. |
| 14. | 14. |
| 15. | 15. |
| 16. | 16. |
| 17. | 17. |
| 18. | 18. |

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | NO: AU:20-M -00588(1) |
| | § | |
| (1) Neal Grubert | § | Charging District's |
| | § | Case No.   1:20-mj-04157-DHH-1 |
| | § | |
| | § | |
| | § | |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ District of  Massachusetts, Worcester Division .

The defendant may need an interpreter for this language: _____ N/A _____ .

The defendant: ☐ will retain an attorney.

☒ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

07/08/2020

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

for the
Western District of Texas
Austin Division

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 1:20-mj-588-SH |
| Neal Grubert | ) | |
| _Defendant_ | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

On Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), the Court held a detention hearing and found that detention is warranted. The hearing was held by videoconference, pursuant to the First Supplemental General Order Regarding Emergency Procedures Authorized by the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748, P.L. 116-136, 134 Stat. 281, (CARES Act), Including the Use of Video and Telephonic Conference for Various Criminal Events during the COVID-19 Emergency, entered June 23, 2020 by Orlando L. Garcia, Chief Judge of the United States District Court for the Western District of Texas, and CARES Act § 15002(b)(1). This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Analysis and Statement of the Reasons for Detention

**A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)(E):**

There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed an offense involving a minor victim under 18 U.S.C. § 2251.

**B. Conclusions Regarding Applicability of Any Presumption Established Above**

The presumption shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion. _United States v. Hare_, 873 F.2d 796 (5th Cir. 1989). The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

### Part III – Further Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g), the Pretrial Services Report, and the evidence and arguments of counsel presented at the detention hearing, the Court further concludes that the defendant must be detained pending trial because the Government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. In addition to any findings made on the record at the detention hearing, the evidence, including the Pretrial Services Report, established that Mr. Grubert has sufficient expertise in computer use and programming that no combination of conditions will reasonably assure the safety of the community, given the nature and circumstances of the alleged offense. In addition, testimony during the hearing established the nature and seriousness of the danger posed by Mr. Grubert to others, specifically, his wife. His detention pending trial therefore is required.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:   July 8, 2020

Susan Hightower
United States Magistrate Judge