UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CRIMINAL NO. 20-mj-4157-DHH |
| | ) |
| NEAL GRUBERT, | ) |
| Defendant. | ) |

**PROTECTIVE ORDER**

This matter, having come to the Court's attention on the Motion for Discovery Protective Order submitted by the United States of America and Defendant Neal Grubert, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. This Protective Order governs all discovery material in any format (written or electronic), and information contained therein, that is produced by the government in discovery in the above captioned case and designated by the government as "sensitive."

2. The United States will make available copies of discovery materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the discovery materials designated as "sensitive" is limited to the attorneys of record, and investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).

3. The attorneys of record and members of the defense team may display and review "sensitive" discovery materials with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of "sensitive" discovery materials to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of discovery materials to the Defendant and other persons.

4. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law, Rule 16 of the Federal Rules of Criminal Procedure, or the Local Rules.

5. Any "sensitive" discovery material, or information contained therein, that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.  This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. The provisions of this Order shall not terminate at the conclusion of this prosecution.

7. Any violation of any term or condition of this Order by the Defendant, the Defendant's attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the District of Massachusetts may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

8. Any "sensitive" discovery materials provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the First Circuit or Supreme Court of the United States.

DATED this  18th  day of September, 2020.

HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE